FRANK LOWNEY, Plaintiff-Appellant, v. MARY JO ARCIOM, Defendant-Appellee.

Third District    No. 3—91—0356

Opinion filed July 28, 1992.

William E. Hourigan, of Law Offices of William E. Hourigan, of Bloomington, for appellant.

Robert Marc Chemers and Scott O. Reed, both of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Frank Lowney, brought a personal injury action against the defendant, Dr. Mary Jo Arciom, for injuries he suffered following a chiropractic procedure the defendant performed upon him. The jury found in favor of the defendant. The plaintiff appeals.

Initially, we note that the record on appeal is not complete. The plaintiff has not provided this court with transcripts of all of the witnesses who apparently testified below, including the plaintiff and the defendant. However, we find that enough of the record has been provided for this court to decide the merits of the plaintiff's claim on appeal.

Based on the record provided, it appears that the plaintiff consulted the defendant because he had been experiencing neck pain. The defendant performed a chiropractic adjustment to the plaintiff's neck, which the plaintiff claimed caused him great pain. Three days after the chiropractic treatment, the plaintiff suffered a stroke. The deposition of Dr. Jeffrey A. Bounds, who treated the plaintiff following the stroke, reveals Bounds' opinion that there was a 75% to 85% likelihood that the chiropractic treatment caused the stroke by injuring the vertebral artery.

During his deposition, Dr. Charles E. Duvall, Jr., a chiropractor and the plaintiff's expert, was asked by defense counsel for every opinion he formulated regarding the care the defendant gave the plaintiff. Essentially, Duvall responded that the plaintiff should not have received the chiropractic treatment at all. During his deposition, Duvall never testified concerning the defendant's alleged failure to warn the plaintiff about any risks associated with the procedure she performed. However, during his direct testimony at trial, Duvall testified over the defendant's objection that the defendant should have informed the plaintiff of the risks of the procedure. The plaintiff testified that the defendant never warned him of any risk associated with the chiropractic procedure she performed on him.

One of the plaintiff's theories for recovery was that the defendant was negligent in both failing to warn the plaintiff of the possible risks involved in the procedure and in failing to obtain his informed consent. To that end, the plaintiff requested that the jury be instructed

on the issue of the duty to warn. The trial court refused the plaintiff's tendered instruction.

On appeal, the plaintiff contends that the trial court erred in not allowing the jury to be instructed on the issue of the duty to warn. He urges this court to ignore or overrule the well-established rule enunciated in *St. Gemme v. Tomlin* (1983), 118 Ill. App. 3d 766, 455 N.E.2d 294.

The *St. Gemme* court addressed the issue of whether the plaintiff had met her burden of establishing that the lack of a warning proximately caused her injury. The court held that it was incumbent upon the plaintiff to prove by objective evidence that a reasonable person, in possession of the allegedly omitted information, would have rejected the treatment in question. The *St. Gemme* court noted that it agreed with the following rationale of the supreme court of California:

> "The patient-plaintiff may testify on this subject but the issue extends beyond his credibility. Since at the time of trial the uncommunicated hazard has materialized, it would be surprising if the patient-plaintiff did not claim that had he been informed of the dangers he would have declined treatment. Subjectively he may believe so, with the 20/20 vision of hindsight, but we doubt that justice will be served by placing the physician in jeopardy of the patient's bitterness and disillusionment. Thus an objective test is preferable: i.e., what would a prudent person in the patient's position have decided if adequately informed of all significant perils." *Cobbs v. Grant* (1972), 8 Cal. 3d 229, 245, 502 P.2d 1, 11-12, 104 Cal. Rptr. 505, 515-16, quoted with approval in *St. Gemme*, 118 Ill. App. 3d at 769, 455 N.E.2d at 296.

We find the above-noted reasoning to be sound and find unpersuasive the plaintiff's arguments to the contrary. In this regard, we note that the plaintiff has cited no authority for ignoring the well-established principle enunciated in *St. Gemme*. Therefore, we will follow the rule as stated in *St. Gemme* in the instant case.

At the conference on jury instructions, the trial court determined that the plaintiff had not met the "objective requirement" of presenting testimony that a prudent person in the plaintiff's position would have refused the chiropractic procedure had he been informed of all the risks. The record presented to this court on appeal confirms the trial court's assessment. Furthermore, on appeal the plaintiff does not argue that any such testimony was presented below. Therefore, the trial court properly refused the plaintiff's tendered jury instruction concerning the duty to warn. Although a party has a right to have a jury instructed on his theory of the case, provided there is sufficient

evidence for the instruction, it is reversible error for a court to instruct a jury on an issue that is not supported by the evidence. *In re Estate of Loesch* (1985), 134 Ill. App. 3d 766, 481 N.E.2d 32.

We note also that Dr. Duvall's direct testimony at trial concerning the defendant's failure to warn the plaintiff of the risks of the procedure was admitted in violation of Supreme Court Rule 220(d) (134 Ill. 2d R. 220(d)). That rule provides:

> "To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings through interrogatories, depositions or requests to produce, his direct testimony at trial may not be inconsistent with or go beyond the fair scope of the facts known or opinions disclosed in such discovery proceedings. However, he shall not be prevented from testifying as to facts or opinions on matters regarding which inquiry was not made in the discovery proceedings." 134 Ill. 2d R. 220(d).

Testimony which goes beyond the scope of facts and opinions disclosed in discovery is properly excluded. *F.L. Walz, Inc. v. Hobart Corp.* (1992), 224 Ill. App. 3d 727, 586 N.E.2d 1314.

Here, although Duvall was asked during his deposition to give every opinion he had concerning the defendant's treatment of the plaintiff, Duvall did not mention anything about a duty to warn. Duvall's testimony in this vein at trial was therefore improperly admitted in violation of Supreme Court Rule 220(d).

In sum, since no testimony was introduced which satisfied the requirements of *St. Gemme*, and because Duvall's testimony concerning the duty to warn was admitted in violation of Supreme Court Rule 220(d), we hold that the trial court properly refused the plaintiff's tendered instruction on informed consent.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.